UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RONALD WHAYNE,**

       **Plaintiff,**          **CIVIL ACTION NO. 17-cv-10262**

       **v.**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF
SOCIAL SECURITY,**

       **Defendant.**
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [16] AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]**

Plaintiff Ronald Whayne seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 16) and Defendant's Motion for Summary Judgment (docket no. 17). With consent of the parties, this case has been referred to the undersigned to conduct all proceedings and enter a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket no. 15.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and is now ready to rule.

**I.    PROCEDURAL HISTORY**

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on September 21, 2012, alleging disability beginning February 1, 2012, due to

hypertension, rheumatoid arthritis, type 2 diabetes, and a leaky heart valve. (TR 220-21, 245, 249.) The Social Security Administration denied Plaintiff's claim on March 6, 2013, and Plaintiff requested a *de novo* hearing. (TR 68-80, 118-19.) On March 20, 2014, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) B. Lloyd Blair. (TR 30-51.) The ALJ issued an unfavorable decision on April 23, 2014, but the Appeals Council remanded the matter for further consideration. (TR 81-102.) On remand, Plaintiff appeared with a representative and testified at another hearing before the ALJ on January 13, 2016. (TR 52-67.) The ALJ then issued another unfavorable decision on January 28, 2016, which the Appeals Council declined to review. (TR 1-6, 15-24.) Plaintiff subsequently commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## II. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 16 at 8-10) and Defendant (docket no. 17 at 4-5) have set forth brief statements regarding the facts relevant to the issue Plaintiff raises on appeal. The ALJ set forth a detailed, factual summary of Plaintiff's medical record and the hearing testimony. (TR 20-22, 24.) Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the Court finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the Court will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Opinion and Order.

## III. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff did not engage in substantial gainful activity from the alleged onset date of February 1, 2012 through the date last insured of December 31, 2012. (TR

18.) Next, the ALJ determined that Plaintiff suffered from the severe impairments of hypertension, diabetes mellitus with neuropathy, osteoarthritis of the hands, and obesity, but he found that Plaintiff's alleged mental impairment was not a medically determinable impairment. (TR 18-19.) Additionally, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 19-20.) The ALJ then found that, through the date last insured, Plaintiff had the following residual functional capacity (RFC):

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: never use ladders, scaffolds or ropes; occasionally use ramps, stairs, stoop, kneel, crouch or crawl or balance; never use pneumatic, torque or power tools; frequently but not constantly handle or finger; occasionally bend, twist and turn at the waist; do no commercial driving; and no foot pedal usage.

(TR 20-23.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 23-24.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from February 1, 2012, through the date last insured of December 31, 2012. (TR 16, 24.)

## IV. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.     Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

(2)    Plaintiff suffered from a severe impairment; and

(3)    the impairment met or was medically equal to a "listed impairment;" or

(4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past

work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) "[t]here is no substantial evidence to support the ALJ's conclusion that Plaintiff did

5

not require a cane in 2012;" and (2) "[t]he use of a cane precludes light work and thus the RFC at issue necessarily fails to comply with applicable law." (Docket no. 16 at 11-12.) Seemingly with regard to his first argument, Plaintiff asserts, "[i]t is obvious that more consideration should have been given in the RFC and the analysis of the need for a cane than to simply mention once that, on one given date in late 2012, Plaintiff was not observed to enter the building with a cane and to walk with no seen gait issues in an office that day." (*Id*. at 12.) Presumably, Plaintiff is referring to the ALJ's consideration of Plaintiff's December 2012 consultative examination conducted by Leonidas Rojas, M.D. But contrary to Plaintiff's assertion, that is not all the ALJ considered in determining whether Plaintiff's RFC included the need for a cane.

Here, the ALJ pointed out that there are only two sets of medical records in evidence that were generated prior to Plaintiff's date last insured of December 31, 2012 – one being a set of treatment records from Union Lake Medical Center and the other being Dr. Rojas's consultative examination report. (TR 22.) The ALJ considered and discussed those treatment records in his decision, and in doing so, he acknowledged that Plaintiff reported knee pain, that there was "no giving out" of his knees, and that his pain was a little better with Mobic. (TR 22.) The ALJ then highlighted the fact that there was no mention of the use of a cane in those records. (TR 22.) The ALJ also acknowledged Plaintiff's testimony that he started using a cane sometime in 2012 or 2013 and that he had a doctor's prescription for the cane. (TR 21.) The ALJ then pointed out, however, that Plaintiff's testimony was inconsistent with the fact that Plaintiff did not require a cane at his December 2012 consultative examination. (TR 21.) The ALJ also noted that at the consultative examination, Plaintiff's gait was described as stable and within normal limits, and Plaintiff had no difficulty standing up from a chair or getting on or off the examination table.

(TR 21, 22.) The ALJ further noted Dr. Rojas's finding that there was no clinical evidence to support the need for a cane. (TR 22 (citing TR 342).)

The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5 (July 2, 1996). It is defined as the most, not the least, the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id.* The above discussion demonstrates that, in accordance with the Social Security Administration's (SSA's) regulations, the ALJ weighed the medical evidence with Plaintiff's subjective complaints and developed a physical RFC that did not include the need for a cane based on the evidence that he found to be credible. The ALJ's determination that Plaintiff did not require a cane in 2012 is supported by substantial evidence.

Moreover, as Defendant argues, Plaintiff has failed to identify any medical evidence from the period of alleged disability that demonstrates his asserted need for a cane. (*See* docket no. 17 at 9-10.) Under the SSA's regulations,

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

Social Security Regulation (SSR) 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996). The only record evidence that Plaintiff cites to show that he needs a cane is his testimony that he had a doctor's prescription for the cane and his 2012 treatment records. (*See* docket no. 16 at 8-9.) As discussed above, however, Plaintiff's treatment records do not mention the use of a cane, and Plaintiff has not produced a prescription or any other medical documentation that establishes that

he needed a cane for any purpose during the insured period of disability. Plaintiff has not met his burden under SSR 96-9p.

In light of the fact that Plaintiff has failed to establish that a cane was medically necessary during the alleged period of disability, Plaintiff's second argument – that his use of a cane precludes the RFC for light work assessed by the ALJ – necessarily fails. And it also fails on the merits. In making this argument, Plaintiff recites the definition of light work and asserts that the use of a cane does not comport with the requirements of light work; he further asserts that the use of a cane precludes work above the sedentary level. (Docket no. 16 at 11-12 (citing SSR 83-12 and POMS § DI 25020.005A5).) The authority upon which Plaintiff relies in this regard relates, in relevant part, to a claimant's loss of use of an upper extremity, not to a claimant's need to use a cane, and Plaintiff develops no argument regarding how these two issues could be related. The Court is not obligated to address perfunctory arguments or develop them on Plaintiff's behalf, and it declines to do so here. *See Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, at *14 (E.D. Mich. Jan. 25, 2013) (Grand, M.J.) (citation omitted).

SSR 96-9p, the regulation that specifically addresses hand-held assistive devices, discusses an individual's ability to perform sedentary work in conjunction with the use of a cane, and it instructs that "it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work." SSR 96-9p, 1996 WL 374185, at *7. The ALJ did so here. At the hearing, the ALJ asked the VE if an individual with Plaintiff's RFC for a limited range of light work and who also required a cane to ambulate would be able to perform a significant number of jobs existing in the regional and national economy. (TR 63-64.) The VE responded in the affirmative and identified several thousand jobs at the light level that such an individual, *i.e.*, Plaintiff, could perform if he also

8

required a cane to ambulate. (TR 64-65.) Plaintiff's argument that his use of a cane precludes his ability to perform light work is therefore unavailing.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [16] is **DENIED**, and Defendant's Motion for Summary Judgment [17] is **GRANTED**.


Dated:  March 12, 2018          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated:  March 12, 2018          s/ Leanne Hosking
                                Case Manager